## BARTON-PRICE COMPANY *v.* MURPHY & COMPANY.

The petition set forth a cause of action, and therefore it was error to dismiss it on general demurrer.

JUNE 30, 1910.

Action for damages. Before Judge Hammond. Richmond superior court. April 3, 1909.

The Barton-Price Company, a Kentucky corporation, brought an action for damages against Murphy & Company, of Richmond county, Ga. The substance of the allegations of the plaintiff's petition was as follows: Murphy & Co. brought an attachment proceeding, in a justice's court, against the Atlas Hay & Grain Co. and the Barton-Price Co., to recover the amount of an account alleged to be due to plaintiffs by defendants, the ground of the attachment being that defendants were non-residents. A summons of garnishment was issued against the Irish-American National Bank, and one was also issued against C. A. Doolittle & Son. The bank answered that it had in its possession "bill of lading for car S. A. L. 19464, which said bill of lading was made out to the Atlas Hay & Grain Company, consignor and consignee," and that at the time of the service of the summons of garnishment an assignment, dated July 6, 1905, was in its hands and it held the bill of lading subject to the order of the Barton-Price Company. Attached to the answer of the bank was the original assignment or transfer of the bill of lading by the Atlas Hay & Grain Company to the Barton-Price Company, from which it appeared that it was executed in Louisville, Ky., on July 6, 1905. C. A. Doolittle & Son answered, that, at the time of the service of the summons of garnishment upon them, they had in their possession "a car S. A. L., No. 19464, upon storage, said car having been stored with [them] by the Georgia Railroad." By consent of the parties, the hay with which the car was loaded was sold and the proceeds arising from the sale deposited with C. A. Doolittle & Son, to await the final determination of the case. Murphy & Co., plaintiffs in the attachment proceed-

ings, filed their declaration, in which they claimed that defendants were indebted to them in the sum of $58.07, as per itemized statement of account thereto attached; but the itemized account attached to the declaration was made out against the Atlas Hay & Grain Company only. The suit was defended only by the Barton-Price Company, the other defendant not entering an appearance in the justice's court. Upon the trial the magistrate awarded judgment in favor of the plaintiffs against both defendants for the principal amount sued for and interest, and then rendered judgment against C. A. Doolittle & Son, as garnishees, "for the contents of car S. A. L. No. 19464." The case was appealed to the superior court by the Barton-Price Company. In the superior court this company reduced its plea to writing and filed the same, wherein it denied that it was indebted to the plaintiffs, that it had ever been jointly associated with the Atlas Hay & Grain Company, and that it had any property that was legally subject to attachment under any claim of the plaintiffs. Upon the motion of the plaintiffs, in the superior court, "the attachment against the appellant, the Barton-Price Co.," was dismissed. After the dismissal of the attachment as to the Barton-Price Company, Murphy & Co., "without warrant of law, but under an illegal and void execution, unlawfully and illegally seized and took possession of the proceeds of petitioner's said hay, and with full knowledge of the fact that said proceeds were the property of said Barton-Price Company, and converted the same to their own use." The execution issued by the justice of the peace against the defendants in the attachment proceeding in the justice's court "was a nullity, and utterly void and invalid, said Atlas Hay & Grain Company being non-residents of Georgia, and said attachment proceedings having been dismissed by Murphy & Co. as to Barton-Price Company," and no property of the Atlas Hay & Grain Company having been "brought into court so as to confer jurisdiction over it," and there being "none over the property of the Barton-Price Company." The title to the hay was in the Barton-Price Company at the time of the issuance and levy of the attachment, which ownership was well known to Murphy & Co. The attachment proceedings were not sued out in accordance with law, do not set forth any grounds upon which an attachment could be issued, and as to the Barton-Price Company had no basis in fact, and were a deliberate invasion of its rights. The unlawful

action of Murphy & Co. was a trespass upon the property rights of petitioner; and the appropriation by them of petitioner's property, under and by virtue of said illegal and void execution, was an aggravation and an additional trespass. Copies of the documents referred to in the petition were attached thereto as exhibits.

The defendants filed a general demurrer to the petition, which was sustained by the court, and the petitioner excepted.

*P. C. O'Gorman* and *Sidney Smith,* for plaintiff.

FISH, C. J. (After stating the facts.) When Murphy & Co. dismissed the attachment as to the Barton-Price Company, a foreign corporation, the case stood just-as if it had been originally brought against the Atlas Hay & Grain Company alone, and the judgment rendered in the justice's court against the Atlas Hay & Grain Company, as defendant, C. A. Doolittle & Son, as garnishees, and the property in the hands of the latter, did not render such property subject to the judgment, if the property belonged to the Barton-Price Company. As the petition in the present case alleged that the Barton-Price Company, the plaintiff, owned the property which was in the possession of C. A. Doolittle & Son, and that Murphy & Co. appropriated it to their own use, under an execution issued upon the judgment above referred to, it is apparent that the petition, as against a general demurrer, set forth a cause of action for trespass. The failure of the Barton-Price Company to claim the property did not affect its right of action, since the remedy by claim is merely cumulative.

*Judgment reversed. All the Justices concur.*